**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 20, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

HOMER JONES,

    Petitioner - Appellant,

v.

LUKE PETTIGREW, Warden,

    Respondent - Appellee.

No. 21-6106
(D.C. No. 5:18-CV-00633-G)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

In June 2018, Petitioner-Appellant Homer Jones, a state prisoner proceeding

pro se,[1] petitioned for habeas relief under 28 U.S.C. § 2254 in federal district court

challenging his April 1984 Oklahoma state criminal convictions.[2] The district court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citation omitted). But we won't serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Jones alleges that his convictions were entered in April 1984, but other courts have determined that he entered his guilty plea in February 1985. *See Jones v. Bear*, No. CIV-19-141-G, 2019 WL 3422101, at *1 (W.D. Okla. Apr. 17, 2019) (finding that Jones entered his guilty plea on the relevant counts in February 1985), *report and recommendation adopted*, No. CIV-19-141-G, 2019 WL 2715544 (W.D. Okla.

dismissed the petition as untimely because: (1) Jones filed the petition decades after the one-year limitations period for habeas claims had run, and (2) Jones wasn't entitled to statutory or equitable tolling. The district court also denied Jones a certificate of appealability ("COA").

Jones seeks to appeal the dismissal of his petition. But to do so he needs a COA. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When, as here, a district court dismissed a petition on procedural grounds, a COA will issue only if the petitioner shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478.

Jones has not met his burden. In his briefing, he restates his largely unintelligible arguments made before the district court and baselessly asserts that he does not require a COA to appeal. He also fails to address the timeliness of his petition or point to legal errors warranting reversal. And upon review of the district court's thorough and well-reasoned order, we conclude that reasonable jurists wouldn't debate the correctness of the district court's decision that Jones's petition was untimely. Thus, having jurisdiction under 28 U.S.C. §§ 1291 and 2253(c)(1)(A), we deny Jones's request for a COA and dismiss his appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

June 28, 2019). Whether the judgment was entered in 1984 or 1985 does not affect our ruling, so this discrepancy is unimportant.

2